RAINS et al. v. APKING et al.

Court of Appeals of Kentucky.

March 21, 1952.

Eugene Siler, Joe S. Feather, Williamsburg, for appellants.

W. B. Early, L. O. Siler, B. B. Snyder, all of Williamsburg, for appellees.

CAMMACK, Chief Justice.

This case involves the construction of a deed conveying two acres of land from Sarah Byrd to her granddaughters, Georgia Rains and Lola Apking. Georgia Rains became dissatisfied with the manner in which the commissioners appointed by the court laid off the land, and she is appealing from a judgment approving that report.

The deed from Mrs. Byrd to her granddaughters contained this provision: "The Fred Byrd house located on the hill near the H. C. Hess property and two acres of land around said house to be surveyed, laid off and designated hereafter by grantees."

Mrs. Byrd gave the remaining 11 acres of her 13 acre tract to her son, Arthur Byrd. Arthur Byrd's deed contained this exception: "There is excepted out of this conveyance the house located on the hill near the H. C. Hess property and two acres of land around it which I am giving to Lola Apking and Georgia Rains by deed this day executed by me. This is what is known as the Fred Byrd house."

In 1949, U. S. Highway 25W was relocated and $2,000 was allowed for the land taken from the Sarah Byrd tract. When Georgia Rains and Lola Apking were unable to agree as to the location of their two acres around the Fred Byrd house the court appointed commissioners to lay off the land. They laid off a two acre tract, rectangular in shape, around the Fred Byrd house. When the commissioners' report was finally approved the court provided that an old road running between the Fred Byrd house and the Hess land be made available for the use of Georgia Rains and Lola Apking.

Georgia Rains contends that she and her sister have a right to lay off and designate the two acres deeded to them by their grandmother. Of course she wants a part of the condemnation money, and, therefore, is contending for a tract which would include the Fred Byrd house and also a frontage on U. S. Highway 25W. This proposed allocation would have a frontage of 94 feet on the highway and would extend back therefrom 600 feet on one side and 655 feet on the other. Her one-half of this tract would give her a frontage of 47 feet on the highway. The remaining 11 acres of the Sarah Byrd tract, which belongs to the heirs of Arthur Byrd, would have a frontage on the highway of about 94 feet.

We agree with the chancellor. The deed from Sarah Byrd must be construed in the light of the circumstances attending at the time it was executed. It is true

that the granddaughters were permitted to lay off and designate the two acre tract, but it is equally true that the land was to be around the Fred Byrd house. The division recommended by the commissioners carries out the intent of the deed. On the other hand the wedge-shaped tract proposed by Georgia Rains hardly can be said to do the same. This case clearly demonstrates the wisdom of following the recommendation of the commissioners in cases where a mistake has not been made or where a decided error in judgment has not been shown. See Ratliff v. Yost, 263 Ky. 239, 92 S.W.2d 95.

Judgment affirmed.